**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 22 B 8732 |
| | ) | |
| JAVIER GONZALEZ, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

**MEMORANDUM ORDER OVERRULING OBJECTION TO PROOF OF CLAIM 3**

This matter comes before the court on the Objection of Javier Gonzalez ("Gonzalez" or "Debtor") to Proof of Claim 3 ("Objection"). On October 11, 2022, Reliant Loan Servicing, LLC ("Reliant") filed a proof of claim ("POC") in the amount of $174,799.61. Debtor objected to the POC on the grounds that the statute of limitations had passed and that Reliant's claim is not enforceable under state law. At the initial status hearing, the court entered a briefing schedule and continued the Objection. Reliant filed a response ("Response") and Debtor filed a reply ("Reply"). Neither party requested an evidentiary hearing at the continued hearing, and the court took the matter under advisement. For the reasons stated below, the court will overrule the Objection and reset the hearings on confirmation and the chapter 13 Trustee's motion to dismiss.

**BACKGROUND**

Debtor owns the real property at 3343 N. Ridgeway Avenue, Chicago, Illinois ("Ridgeway Property"). He executed a mortgage on December 27, 2006, to secure a $63,000 promissory note ("Note") made on the same date.

The Note provides for monthly payments to Argent Mortgage Company LLC in the amount of $611.90. The first payment was due on March 1, 2007. Thereafter, payments were due on the first of each month at 505 City Parkway West, Suite 100, Orange CA 92868. Argent

Mortgage transferred the mortgage to Anson Street, LLC, which eventually transferred it to Reliant.

According to the payment history attached to the POC, the last payment Debtor made that Reliant applied to the Note was received on January 3, 2008.  Debtor made a payment on February 25, 2008, which was reversed four days later.

On January 21, 2020, Reliant filed a foreclosure complaint in the Circuit Court of Cook County.  The state court entered a judgment of foreclosure and sale on January 5, 2022.

The redemption period expired on April 5, 2022.  The state court scheduled a foreclosure sale for August 4, 2022.

On July 5, 2022, Reliant received a payment from Debtor in the amount of $611.00.  According to the payment history attached to the POC, Reliant posted this payment to the "suspense" account.

Debtor filed for relief under chapter 13 of the Bankruptcy Code on August 3, 2022, one day before the scheduled foreclosure sale.  He requested additional time to file certain required documents.  This court granted his request, allowing Debtor until August 31, 2022, to file his schedules, Statement of Financial Affairs and chapter 13 plan.

Debtor filed these documents on September 2 and 3, 2022.  His plan does not provide for payment to Reliant.

Two creditors filed proofs of claim secured by the Ridgeway Property.  U.S. Bank filed a claim in the amount of $318,260.30.  Debtor's plan provides for direct installment payments to U.S. Bank's servicer.

Reliant filed the POC.  It claims a prepetition arrearage in the amount of $116,052.87.  This is the claim challenged by Debtor in the Objection.

2

## DISCUSSION

### A. Standard for objection to claim

11 U.S.C. § 501 states that creditors may file proofs of claim in bankruptcy cases.  With certain limited exceptions, "[a] secured creditor . . . *must* file a proof of claim or interest for the claim or interest to be allowed[.]" Fed. R. Bankr. P. 3002(a) (emphasis added).  *See In re Pajian*, 785 F.3d 1161, 1164 (7th Cir. 2015).

Pursuant to Fed. R. Bankr. P. 3001(f), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See In re Octagon Roofing*, 156 B.R. 214, 218 (Bankr. N.D. Ill. 1993); *Heritage Bank Tinley Park v. Steinberg* (*In re Grabill Corp.*), 121 B.R. 983, 992 (Bankr. N.D. Ill. 1990). Once a proof of claim is filed, it is deemed allowed until a party in interest objects. 11 U.S.C. § 502(a).

When a party objects to a claim, it has the burden of going forward with evidence supporting the objection to the amount and validity of the claim.  4 Collier on Bankruptcy ¶ 502.02[3][e] (16th 2023).  *See Grabill*, 121 B.R. at 992; *In re Allegheny Internat'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) ("It is often said that the objector must produce evidence equal in force to the *prima facie* case.").

Objections to the allowance of claims against the estate must be grounded in one of the nine exceptions described in 11 U.S.C. § 502(b). The first of these exceptions provides that the court shall not allow a claim against the estate to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" 11 U.S.C. § 502(b)(1).

If the objecting party produces evidence to overcome the rebuttable presumption given to the claim, the burden of going forward shifts back to the claimant. *See Octagon Roofing*, 156 B.R. at 218. The ultimate burden of persuasion is always on the claimant to prove the validity of the claim by a preponderance of the evidence. *See Allegheny*, 954 F. 2d at 174; *Octagon Roofing*, 156 B.R. at 218.

### B. Nature of Objection and the Debtor's arguments

Debtor objects to Reliant's POC on the grounds that the statute of limitations expired before Reliant filed its foreclosure action. The parties agree that the statute of limitations is 10 years after the right to foreclose first accrued. Debtor asserts that his last payment was made on February 29, 2008,[1] so the statute of limitations expired on March 1, 2018. Reliant filed its foreclosure case on January 21, 2020.

735 ILCS 5/13-206 states (emphasis added):

Ten year limitation. Except as provided in Section 2-725 of the "Uniform Commercial Code", actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing and actions brought under the Illinois Wage Payment and Collection Act shall be commenced within 10 years next after the cause of action accrued; *but if any payment or new promise to pay has been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay.* For purposes of this Section, with regard to promissory notes dated on or after the effective date of this amendatory Act of 1997, a cause of action on a promissory note payable at a definite date accrues on the due date or date stated in the promissory note or the date upon which the promissory note is accelerated. With respect to a demand promissory note dated on or after the effective date of this amendatory Act of 1997, if a demand for payment is made to the maker of the demand promissory note, an action to enforce the obligation of a party to pay the demand promissory note must be commenced within 10 years after the demand. An action to enforce a demand promissory note is barred if neither principal nor interest on the demand

---

[1] According to the payment history attached to the POC, the last payment in 2008 that Reliant applied to the Note was received on January 3, 2008. Debtor submitted a payment on February 25, 2008, but Reliant reversed it on February 29, 2008. Since Reliant did not file its foreclosure complaint until 2020, however, it is not relevant whether the final 2008 payment was made in January or February.

4

promissory note has been paid for a continuous period of 10 years and no demand for payment has been made to the maker during that period.

Illinois law also provides that "[n]o person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within 10 years after the right of action or right to make such sale accrues." 735 ILCS 5/13-115.

Reliant raises two arguments in its Response to the Objection. First, that the *Rooker-Feldman* doctrine applies and precludes bankruptcy court review of the foreclosure judgment. The Circuit Court of Cook County ruled that Reliant's mortgage lien is valid, and the state court foreclosure judgment cannot be collaterally attacked in federal court. *See Kyles v. Federal Home Loan Mortgage Corp.*, 17 CV 1511, 2018 WL 1784133 (N.D. Ill. Apr. 13, 2018).

Reliant's second argument is that Debtor's payment of $611 on July 5, 2022, restarted the statute of limitations. As quoted above, Illinois law provides that "if *any* payment or new promise to pay has been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay." 735 ILCS 5/13-206 (emphasis added).

In his Reply, Debtor asserts that foreclosure judgments are interlocutory and not final, so the *Rooker-Feldman* doctrine does not apply. *See Hodges v. CIT Group* (*In re Hodges*), 350 B.R. 796 (Bankr. N.D. Ill. 2006). *See also TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) ("The doctrine only applies to cases like *Rooker* and *Feldman* where the losing party in state court filed suit in federal court *after the state proceedings ended*; therefore, an interlocutory ruling does not evoke the doctrine or preclude federal jurisdiction.") (quotation omitted).

Debtor also contends that, although he admits making a payment, *see* Reply at ¶ 9, his 2022 payment did not restart the statute of limitations, because Reliant did not accept the funds. Reliant put the funds in a suspense account and did not credit them toward the Note.

**C.  Rooker-Feldman doctrine does not bar the Objection**

Reliant's first argument is that the *Rooker-Feldman* doctrine precludes Debtor from contesting the validity of its state court foreclosure judgment.  "*Rooker–Feldman* operates to stop parties seeking to have a state-court judgment declared void on the basis of alleged errors or mistakes." *Schmid v. Bank of America, N.A.* (*In re Schmid*), 494 B.R. 737, 746 (Bankr. W.D. Wis. 2013). "It is a jurisdictional doctrine premised upon the fact that, because federal district courts are courts of original jurisdiction, lower federal courts are not authorized to review appeals from state court judgments[.]" *Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development,* 383 F.3d 552, 556 (7th Cir. 2004).

> The doctrine expanded over the years until 2005, when the [Supreme] Court decided *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In *Exxon,* the Court reviewed *Rooker* and *Feldman* and noted that each involved a losing party in state court who filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. Only in these limited circumstances, the Court said, will the doctrine apply. The *Rooker–Feldman* doctrine is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*In re Juma*, 530 B.R. 682, 692 (Bankr. N.D. Ill.) (quotations omitted), *aff'd sub nom. R & J Constr. Supply Co., Inc. v. Juma*, 542 B.R. 237 (N.D. Ill. 2015).

In this case, the Debtor is the state-court loser, complaining of an injury caused by Reliant's state-court judgment.  Through his Objection, he invites this court to review and reject the state court foreclosure judgment.

Debtor asserts that *Rooker-Feldman* does not apply because "the doctrine precludes federal jurisdiction only over suits filed after state proceedings are final…. [B]ecause the state proceeding must have ended, the *Rooker–Feldman* doctrine necessarily poses no jurisdictional bar to a federal action attacking an interlocutory state court order." *Hodges*, 350 B.R. at 800 (quotation and footnote omitted).

*Hodges* determined that the state court foreclosure proceeding that was pending when the plaintiff filed his adversary complaint had not ended, and thus *Rooker-Feldman* did not deprive the bankruptcy court of jurisdiction over the adversary.

> The state court had entered a judgment of foreclosure, true enough. But a judgment of foreclosure does not end a mortgage foreclosure case in Illinois. Upon entry of such a judgment, the Illinois Mortgage Foreclosure Law provides for the sale of the property once periods for reinstatement and redemption have expired.  After the sale, the person who conducted it makes a report to the court, and, upon motion, the court holds a hearing to confirm the sale. At the hearing, a defendant can contest the sale's validity, though on limited grounds. Only after confirmation of the sale and payment of the purchase price can the purchaser obtain a deed.
>
> Although the Illinois Mortgage Foreclosure Law employs the term "*judgment* of foreclosure," a foreclosure judgment does not conclude the case and is not final….  The judgment is strictly interlocutory.

*Hodges*, 350 B.R. at 801 (footnotes and citations omitted).  *See also Medrano v. Ocwen Loan Servicing, LLC*, No. 16 C 898, 2017 WL 413614, at *4 (N.D. Ill. Jan. 31, 2017) (Disagreeing, but acknowledging that "[a] vast majority of courts in our district have … found that *Rooker-Feldman* does not apply when the federal suits commenced before the state courts issued the orders confirming sale.").

In its Response, Reliant cites *Kyles*, which concluded "that *Rooker-Feldman* applies notwithstanding the interlocutory character of the judgment of foreclosure under state law governing the finality of appeals[.]" 2018 WL 1784133, at *1.

7

However, *Kyles* does not discuss the Seventh Circuit's *TruServ* decision, which instructed lower courts in our Circuit to limit *Rooker-Feldman* to final orders. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584 (7th Cir. 2005). Instead, *Kyles* relies on cases that stem from a statement about the interlocutory/final issue in *Harold v. Steel*: "The principle that only the Supreme Court can review the decisions by the state judiciary in civil litigation is as applicable to interlocutory as to final state-court decisions. A truly interlocutory decision should not be subject to review in *any* court[.]" 773 F.3d 884, 886 (7th Cir. 2014).

Yet *Kyles* acknowledges that *Harold's* discussion of *Rooker-Feldman* was *dicta*. *Kyles*, 2018 WL 1784133, at *4 n. 6. In fact, a later panel of the Seventh Circuit characterized *Harold's* description of "the issue as undecided in this circuit[.]" *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018).

In contrast, *TruServ's* discussion of *Rooker-Feldman* was part of its holding. Therefore, this court is bound by the requirement that *Rooker-Feldman* applies only when the state court judgment at issue is final. As a result, this court will join the "vast majority of courts in our district" that do not apply *Rooker-Feldman* when the state court has not yet entered an order confirming the foreclosure sale. Since the Circuit Court of Cook County has not yet confirmed the foreclosure sale on the Ridgeway Property, this court is not deprived of jurisdiction to hear Debtor's Objection.

**D. Debtor's payment restarted the statute of limitations**

Reliant's second argument is that while the statute of limitations was 10 years, this deadline resets if a debtor makes a payment. Reliant contends that since Debtor paid $611 on July 5, 2022, which Reliant put into a "suspense" account, that action restarted the statute of limitations.

8

### 1.  Debtor made a payment

Illinois law provides that if "*any* payment or new promise to pay has been made," then the limitations period restarts.  735 ILCS 5/13-206 (emphasis added).  *See Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 681 (7th Cir. 2017) ("[I]f he made, or even just agreed to make, a *partial* payment on the debt, he could restart the clock on the long-expired statute of limitations, in effect bringing a long-dead debt back to life.") (emphasis added); *St. Francis Med. Ctr. v. Vernon*, 576 N.E.2d 1230, 1231 (Ill. App. Ct. 1991) ("It is clear that part payment of a debt tolls the statute of limitations such that it commences to run from the date of last payment.").

Illinois has adopted the Uniform Commercial Code.  "Payment" is defined at 810 ILCS 5/3-602, which states in relevant part: "Subject to subsection (b), an instrument is paid to the extent payment is made (i) by or on behalf of a party obliged to pay the instrument, and (ii) to a person entitled to enforce the instrument."

Debtor paid $611 on July 5, 2022.  The Note required payments of $611.90, delivered to a specific address.  Although the amount paid in July 2022 was $611.00 rather than $611.90, Debtor must have sent it to the correct address, because Reliant acknowledged receiving it. Therefore, payment was made by Debtor (the party obliged to pay the instrument) to Reliant (the entity entitled to enforce the instrument).

#### a.  Intent

Although the statute does not contain an intent requirement, some older Illinois cases hold that "[a] payment will not revive a claim barred by the statute of limitations unless there is an actual affirmative intention shown on the part of the debtor to make payment on the debt which is claimed to be due." *Spieker v. Schonfeld*, 1916 WL 2629, at *2 (Ill. App. Ct. Dec. 27,

9

1916).  *C.f. Joseph v. Carter*, 47 N.E.2d 471, 474–75 (Ill. 1943) ("There must be an actual and affirmative intention to make such payment before a promise can be inferred.").  The Illinois statute, the most recent amendment to which became effective in August 2007, does not require intent.

There is no evidence of any other debt or claim between Debtor and Reliant other than the Note.  The amount paid in July 2022 was only $0.90 different from the required installment payment, and Debtor sent it so that it was received by Reliant.  Moreover, there is no evidence that Debtor made this payment only because he considered himself morally bound to do so, or as a settlement of the entire Note, or for any reason other than because he owed Reliant under the Note.  Debtor does not deny he made a payment.  In fact, he admits making a payment, *see* Reply at ¶ 9, and contends the statute of limitations did not restart because Reliant did not accept the payment.

From these facts, the court can infer that, to the extent required, it was Debtor's intent to make payment on the Note.  *See Ruhl v. Gambrill*, 175 Ill. App. 641, 644 (Ill. App. Ct. 1912) (Partial payment does not restart the limitations clock "unless it is made under such circumstances that a promise to pay the remainder may be reasonably inferred from it.").  *See also Singer v. Charles R. Feldstein & Co., Inc.*, No. 11-CV-8771, 2012 WL 2309064, at *5 (N.D. Ill. June 14, 2012) ("Accepting the facts alleged in Singer's Complaint to be true, Defendants 're-set' the clock on the breach of contract statute of limitations by paying Singer additional money under the Stock Agreement.").

### b.  Acceptance

Debtor argued that his 2022 payment did not restart the limitations clock because Reliant did not "accept" the funds.  While Reliant did not apply the $611 it received to the balance due

under the Note, it did describe the funds as a "payment" and placed them in a "suspense" account. *See* POC, p. 10. Reliant did not refuse the payment. Payment was made *to* Reliant *by* Debtor. Furthermore, Debtor acknowledged in the Reply that he made a payment. *See* Reply, ¶ 9 ("This creditor did not accept the *payment* made in 2022. Instead, they put the *payment* in suspense.") (emphasis added).

Even if the court concluded that putting the funds into suspense did not constitute "acceptance" of the payment, Debtor cites no authority in support of his argument that "acceptance" is required. The court can find none. The plain language of the law provides that it is a debtor's actions in making any payment or promise to pay that affects the running of the statute of limitations. 735 ILCS 5/13-206 says nothing about what the creditor does with the payment, and the court will not read a requirement of "acceptance" into the statute. *See Krajcir v. Egidi*, 712 N.E.2d 917, 923 (Ill. App. Ct. 1999) ("Therefore, because plaintiff filed his complaint within 10 years of the last payment *received*, his complaint … was timely filed and not barred by the statute of limitations. The payments … demonstrate that they recognized their obligations and those of the partnership under the promissory note and the contract.") (emphasis added). *See also* 810 ILCS 5/3-603(a) ("If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.").

**2. Timing**

Debtor made the payment after the original statute of limitations had run, and after the state court entered judgment on Reliant's complaint. One might ask whether it is still a payment for purposes of restarting the statute of limitations. The answer is clear from the statute, which states that the clock resets if payment is made "within *or* after the period of 10 years[.]" 735

ILCS 5/13-206 (emphasis added). Any payment or promise to pay restarts the limitations clock, "even if 10 years had already run on the statute of limitations by the time of the last payment." *Kranzler v. Saltzman*, 942 N.E.2d 722, 728 (Ill. App. Ct. 2011). *See Thayer v. Bolender*, 250 Ill. App. 16, 21 (Ill. App. Ct. 1928) ("[I]t makes no difference that some of the notes were already barred by the statute of limitations. The effect of such payments was to remove the bar."). *See also The Oaks Condo. Ass'n v. Lemay*, No. CV 950466793S, 1997 WL 576438, at *2 (Conn. Super. Ct. Aug. 7, 1997) ("If a foreclosure action is barred because of the operation of the statute of limitations, the case is revived by an acknowledgment of the debt or a payment on the account.").

## CONCLUSION

The *Rooker-Feldman* doctrine does not deprive this court of jurisdiction to hear the Debtor's Objection. Therefore, the court considered the merits of the Objection. Reliant's POC, executed and filed in accordance with the rules, is *prima facie* evidence of the validity and amount of Reliant's claim. As a result, the burden shifted to Debtor to go forward with evidence supporting the Objection.

Although Reliant filed the state court foreclosure proceeding after the statute of limitations had passed, Debtor's payment of $611 on July 5, 2022, restarted the limitations period. Consequently, Debtor did not meet his burden of demonstrating that Reliant's claim is unenforceable under state law.

For all of the reasons stated above, **IT IS ORDERED THAT** the Objection is

**OVERRULED**.  The hearings on confirmation and the chapter 13 Trustee's motion to dismiss

are reset for May 8, 2023, at 2:30 p.m.

ENTERED:

Date:   April 20, 2023

DAVID D. CLEARY
United States Bankruptcy Judge

13